# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. STONE, | Case No. 1:14-cv-01267-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| BETTY LORRAINE FREITAS, | **OBJECTIONS DUE: 28 DAYS** |
| Defendant. | (Doc. No. 1) |

## I.  INTRODUCTION

On August 12, 2014, Plaintiff Christopher M. Stone ("Plaintiff") filed a complaint against Betty Lorraine Freitas ("Defendant"), alleging Defendant had violated Plaintiff's Fourteenth Amendment right to due process and 42 U.S.C. § 1983. (Doc. 1.) This complaint is screened pursuant to 28 U.S.C. § 1915.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II.  BACKGROUND

Plaintiff alleges that Defendant was a witness in a court trial in Stanislaus County Superior Court on August 14, 2013. (Doc. 1, 1-3.) Plaintiff claims that when testifying before the Court, Defendant perjured herself by making statements "materially different than statements she made in

reports and other documents submitted to the court." (Doc. 1, 2.) Plaintiff alleges that Defendant intentionally perjured herself in the state custody proceedings "in order to deny plaintiff's constitutionally protected liberty interest in parenting, and materially affected the outcome of the trial based on defendant's perjury[.]" (Doc. 1, 2.) As a result, Plaintiff claims that he was denied his "right to a full and fair trial" and his "right to due process" was "materially affect[ed]." (Doc. 1, 2.)

Plaintiff identifies Defendant as a mediator, and alleges that she "appointed herself as child custody evaluator despite numerous complaints with the mediation department … and scheduled a date of 4/15/13 to conduct the evaluation." (Doc. 1, 2.) According to the complaint, "defendant intentionally prevented plaintiff from participating by failure to create an order for plaintiff to appear and be evaluated until after the evaluation took place[.]" (Doc. 1, 3.) A court order was issued on 4/17/13, "us[ing] plaintiff's failure to appear at the evaluation as a reason to impeach plaintiff's credibility and deny plaintiff the right to appear and be evaluated by defendant[.]" (Doc. 1, 2.) Further, Defendant allegedly "failed to follow Local Rules of Court, and California Rules of Court regarding her evaluation, and did not attach police reports, cps reports, and generally did not create a report consistent with the rules that must be followed by child custody evaluators because the evidence adduced from her investigation would not support her conclusions." (Doc. 1, 2.)

Defendant also apparently refused all contact with Plaintiff outside of court as is her "policy, custom and procedure" while having "ex-parte communication … with opposing counsel in violation of Rules of Court[.]" (Doc. 1, 2-3.) Finally, Plaintiff alleges that Defendant "retaliated against plaintiff for having his wife serve defendant with a subpoena [by] determin[ing] that plaintiff's wife was no longer a suitable supervisor of visitation." (Doc. 1, 3.)

Defendant's various alleged actions and perjurious statements "den[ied] plaintiff's liberty interest in parenting … , as well as den[ied] plaintiff's right to due process guaranteed under the 14th Amendment of the United States Constitution, and violat[ed] 42 US 1983." (Doc. 1, 3.) Plaintiff demands a jury trial and seeks $500,000 in damages for "personal injury caused by and from violation of plaintiff's civil rights, as well as compensatory damages, punitive damages, and

any and all relief that is proper and just and would be supported by any law of the United States as a result of damage caused by defendant in violation of plaintiff's 14th Amendment Right to Due Process." (Doc. 1, 3-4.)

### III.     APPLICABLE LAW

#### A.     Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th

Cir.1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Franklin*, 745 F.2d at 1230. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Section 1983 Legal Standard**

The Civil Rights Act, codified at 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

> [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citations omitted].

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A person acts under color of state law when the individual "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal quotation marks and citations omitted). "[G]enerally, a public employee acts under color of state law while engaged in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50. The causation requirement in the second prong focuses on the duties and responsibilities of each defendant whose acts or omissions are alleged to have caused a constitutional violation. "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Where, however, a defendant is immune to suit under the common law, there is no cognizable section 1983 claim. *Davenport v. Winley*, 314 Fed. Appx. 982 (9th Cir. 2009).

## IV. DISCUSSION

**A.   Defendant is Shielded from Suit by Quasi-Judicial Immunity**

Here, the court need not reach the substance of Plaintiff's claims, because Defendant is immune from liability. The allegations against Defendant arise out of Defendant's role as a mediator and child custody evaluator for the Stanislaus Superior Court. Plaintiff alleges that in the course of Defendant's service as child-custody evaluator in the state court proceedings, she failed to issue orders until after an evaluation occurred, despite being responsible for issuing court orders to both conduct the child-custody evaluation and notify Plaintiff of his obligation to appear at the evaluation, and then used Plaintiff's failure to appear at the evaluation as a reason to "impeach plaintiff's credibility" and deny his right to appear and be evaluated. (Doc. 1, 2-3.) In writing her report, addressing findings and recommendations to the state court, Plaintiff also alleges that Defendant did not attach police reports, Child Protective Services' reports, and "generally did not create a report consistent with the rules that must be followed by child custody evaluators because the evidence adduced from her investigation would not support her conclusions." (Doc. 1, 3.)

### 1.   Defendant is Entitled to Quasi-Judicial Immunity From Liability

It is well established that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986). "Judicial immunity is not limited to judges. All those who perform judge-like functions are immune from civil damages liability." *Ryan v. Bilby*, 764 F.2d 1325, 1328 n. 4 (9th Cir. 1985); *see also Wagshal v. Foster*, 28 F.3d 1249, 1252-54 (D.C. Cir. 1994) (immunity is extended to mediators when their official functions are comparable to those of a judge; the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and the system contains safeguards which are adequate to justify dispensing with private damage suits to control unconstitutional conduct); *cf Antoine v. Byers & Anderson, Inc., et al.*, 508 U.S. 429, 437 (1993) (there is no absolute immunity for officers of the court when their actions do not involve the exercise of their judgment or discretion, such as when court reporters transcribe court proceedings); *Kalina v.*

*Fletcher*, 522 U.S. 118, 129-31 (1997) (though a prosecutor's discretionary choice to prosecute is normally immune from liability, there is no absolute immunity for a prosecutor acting as a witness by attesting to facts in an affidavit).

Child-custody evaluators in Stanislaus County are appointed by the Court and serve in quasi-judicial roles, providing recommendations to the Court regarding child-custody. Cal. Fam. Code § 3111(a) (California courts appoint a "child custody evaluator to conduct a child custody evaluation and file a written confidential report on his or her evaluation to the Court). In California state court, child custody evaluators are unquestionably entitled to absolute quasi-judicial immunity. *See Howard v. Drapkin*, 222 Cal. App. 3d 843, 860 (1990) (independent "neutral" custody evaluators enjoy quasi-judicial immunity from suit under the alternative umbrellas of California Civil Code, § 47(b) and the common law); *Bergeron v. Boyd*, 223 Cal. App. 4th 877, 886-89 (2014) (neutral evaluators enjoy absolute quasi-judicial immunity in suit regarding interim custody orders issued within evaluator's judicially-delegated role). The law is no different in the federal district court.

In the Ninth Circuit, "officers of the court . . . have absolute immunity in the performance of duties authorized by [state] statute." *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1159 (9th Cir. 1987); *see Putman v. State Bar of Cal.*, No. SACV 08-625-DSF (CW), 2010 WL 3070435, at * 7 (C.D. Cal. June 25, 2010) (holding that "neutral third-parties" enjoy absolute quasi-judicial immunity "for their conduct in performing dispute resolution services which are connected to the judicial process and involve either (1) the making of binding decisions, (2) the making of findings or recommendations to the court or (3) the arbitration, mediation, conciliation, evaluation, or other similar resolution of pending disputes."). Defendant is entitled to quasi-judicial immunity from liability for the actions she took as part of her duties as child court evaluator in the Plaintiff's state custodial dispute.

**2.   Even if Defendant Acted in Error, Her Actions are Shielded from Liability by Quasi-Judicial Immunity**

Plaintiff also contends that Defendant "failed to follow Local Rules of Court, and California Rules of Court" and improperly prevented Plaintiff from participating in the evaluation

6

by failing to create an order for him to appear until after the evaluation took place. (Doc. 1, 3.) As a court-appointed child custody evaluator, Defendant's absolute immunity is lost only if her actions were "'clearly and completely outside the scope of [her] jurisdiction.'" *Myers*, 812 F.2d at 1159 (quoting *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1985)).

Defendant's actions in conducting an evaluation and issuing an order and report to the court on her findings and recommendations, even if made in error or in excess of her authority, were not outside the scope of her jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (so long as the action was within the jurisdiction of the judicial officer, the fact that it "was in error . . . or was excess of his authority" will not deprive him of immunity); *Todd v. Shoopman*, No. 2:12-CV-01768-JAM-GGH, 2012 WL 3531563, at *2 (E.D. Cal. Aug. 15, 2012) (immunity applies regardless of how erroneous the act may have been, or how injurious its consequence may have been to the plaintiff, so long as the act was within the judicial officer's jurisdiction).

**3.   Even if Defendant Acted in Bad Faith, Her Actions are Shielded from Liability by Quasi-Judicial Immunity**

Plaintiff further alleges that Defendant acted in bad faith, intentionally preventing Plaintiff from participating at an evaluation and failing to attach certain crucial documents to her evaluation, retaliating against Plaintiff's wife for serving a subpoena and engaging in ex-parte communications with opposing counsel. (Doc. 1, 3.) However, "[a]llegations of malice or bad faith in the execution of [a judicial] officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158 (citing *Dennis v. Sparks*, 449 U.S. 24, 31 (1980)).

**B.   Leave to Amend Should Not Be Granted**

Plaintiff has filed suit for damages under section 1983, against a Defendant who is immune from suit, and therefore his complaint must be dismissed. *Davenport*, 314 Fed. Appx. 982. Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the defect of this complaint can be cured by more detailed factual allegations or revision of Plaintiff's claims. Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.1996).

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *See, e.g., Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 10, 2014**                     **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE