# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. STONE, | Case No. 1:14-cv-01267-LJO-SKO |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| BETTY LORRAINE FREITAS, | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S |
| Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____ / | (Docs. 8, 9) |

## I. INTRODUCTION

Plaintiff Christopher M. Stone ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2014. (Doc. 1.) On December 10, 2014, Plaintiff filed a motion requesting an extension of time to file objections and an amended complaint, and on December 11, 2014, Plaintiff filed a motion requesting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Docs. 8, 9.) In the alternative, Plaintiff has requested an extension of time to file objections. (Docs. 8; 9, 5.)

## II. DISCUSSION

Plaintiff contends that counsel must be appointed because he is unable to afford an attorney, he needs more time and at least minimal supervision by an attorney to adhere to the Court's procedural rules, he has a medical condition and scheduled surgery that impact his ability

to "handle the legal stress and rigorous demands of fulfilling all legal requirements presently[,]" and Defendant's actions "constitute actual malice." (Doc. 9, 2-3.) Plaintiff argues that a "'Civil Gideon' is necessary in this case due to the major life altering [e]ffects of [D]efendant's actions that will perpetuate indefinitely if they are not forced to answer to [P]laintiff's claims." (Doc. 9, 4.)

Plaintiff, however, does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Turner v. Rogers*, 131 S.Ct. 2516-17 (2011) (constitutional right to appointment of counsel, sometimes referred to as a "Civil Gideon," is limited to criminal cases and criminal contempt proceedings). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even assuming that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the test is not whether Plaintiff would *benefit* from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test

is whether exceptional circumstances exist and here, they do not; the record in this case demonstrates that Plaintiff is more than capable of articulating his claims.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED;
2. Plaintiff's request for an extension of time to file objections is GRANTED; and
3. Plaintiff shall FILE any objections to the Findings and Recommendations no later than fourteen (14) days after the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 18, 2014**          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE